UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**JAMES WHITE,**

                            **Plaintiff,**

                       **-v-**                                  **3:11-CV-1424 (NAM/DEP)**

**PRECISION RECOVERY ANALYTICS
INTERNATIONAL, INC., f/k/a Collins
Financial Services, Inc.,**

                          **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Robert S. Beehm, Esq.
84 Court Street, Suite 201
Binghamton, New York 13901
Attorney for Plaintiff

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiff moves (Dkt. No. 7) for default judgment in this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Plaintiff obtained a Clerk's Entry of Default (Dkt. No. 6). The well-pleaded allegations of the complaint establish that defendant is liable to plaintiff for violating various sections of the FDCPA by wrongfully obtaining and executing on a default judgment against plaintiff in New York State court, despite having failed to serve process on plaintiff. Ultimately, plaintiff obtained relief in a New York State civil action; the default judgment was vacated and summary judgment dismissing the complaint granted to plaintiff.

Plaintiff now seeks $2,971.50 in attorney's fees, based on 6.5 hours of senior attorney time

at $195 per hour and 14.2 hours of associate attorney time at $120 per hour.  The attorney's fee application includes detailed billing statements setting forth the date, the attorney, the services performed, and the time spent.  The services are reasonable and appropriate, as is the time spent in performing them.  The hourly fees requested fall well within the prevailing rates in this district.  The Court finds that the lodestar figure of $2,971.50 is reasonable, and perceives no basis to depart from it.  *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011).

Plaintiff's submissions on this motion establish plaintiff's entitlement to default judgment against defendant for $ 4,340.59 in actual damages pursuant to 15 U.S.C. § 1692k(a)(1); $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); $2,971.50 in attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and $425 in filing and service fees.  The Court declines to award anticipated collection costs.  Thus, plaintiff is awarded default judgment against defendant in the sum of $8,737.09, plus interest.

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 7) for default judgment is granted; and it is further

ORDERED that plaintiff is awarded default judgment against defendant in the sum of $8,737.09, plus interest.

IT IS SO ORDERED.

Date:   September 19, 2012
        Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge