UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**JAMES WHITE,**

                         **Plaintiff,**

                 **-v-**                                    **3:11-CV-1424 (NAM/DEP)**

**PRECISION RECOVERY ANALYTICS
INTERNATIONAL, INC., f/k/a Collins
Financial Services, Inc.,**

                         **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Robert S. Beehm, Esq.
84 Court Street, Suite 201
Binghamton, New York 13901
Attorney for Plaintiff

**Hon. Norman A. Mordue, U.S. District Judge:**

                 **MEMORANDUM-DECISION AND ORDER**

        Plaintiff moves (Dkt. No. 7) for default judgment in this action under the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*  Plaintiff obtained a Clerk's Entry

of Default (Dkt. No. 6).  The well-pleaded allegations of the complaint establish that defendant is

liable to plaintiff for violating various sections of the FDCPA by wrongfully obtaining and

executing on a default judgment against plaintiff in New York State court, despite having failed to

serve process on plaintiff.  Ultimately, plaintiff obtained relief in a New York State civil action;

the default judgment was vacated and summary judgment dismissing the complaint granted to

plaintiff.

        Plaintiff now seeks $2,971.50 in attorney's fees, based on 6.5 hours of senior attorney time

at $195 per hour and 14.2 hours of associate attorney time at $120 per hour.  The attorney's fee

application includes detailed billing statements setting forth the date, the attorney, the services

performed, and the time spent.  The services are reasonable and appropriate, as is the time spent in

performing them.  The hourly fees requested fall well within the prevailing rates in this district.

The Court finds that the lodestar figure of $2,971.50 is reasonable, and perceives no basis to

depart from it.  *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011).

　　　　Plaintiff's submissions on this motion establish plaintiff's entitlement to default judgment

against defendant for $ 4,340.59 in actual damages pursuant to 15 U.S.C. § 1692k(a)(1); $1,000 in

statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); $2,971.50 in attorney's fees pursuant

to 15 U.S.C. § 1692k(a)(3); and $425 in filing and service fees.  The Court declines to award

anticipated collection costs.  Thus, plaintiff is awarded default judgment against defendant in the

sum of $8,737.09, plus interest.

　　　　It is therefore

　　　　ORDERED that plaintiff's motion (Dkt. No. 7) for default judgment is granted; and it is

further

　　　　ORDERED that plaintiff is awarded default judgment against defendant in the sum of

$8,737.09, plus interest.

　　　　IT IS SO ORDERED.

Date:　September 19, 2012
　　　　Syracuse, New York

Honorable Norman A. Mordue
U.S. District Judge

-2-